UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert L. Mitchell**,** #140920, | ) C/A No. 4:13-470-CMC-TER |
| Petitioner**,** | ) |
| | )REPORT AND RECOMMENDATION |
| vs. | ) |
| Warden, Broad River Correctional Institution, | ) |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the court *pro se* by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

Petitioner is currently incarcerated in the Broad River Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Barnwell County Clerk of Court arising from a January 30, 1997 guilty plea to the charge of murder. Petitioner was sentenced to confinement for life. Following his sentencing, Petitioner filed, but failed to timely serve, a Notice of Appeal from his conviction and sentence. The South Carolina Supreme Court issued an order of dismissal, dismissing the appeal by issuing a remittitur to the lower court on April 8, 1997. On May 12, 1997, Petitioner filed an unsuccessful application for Post-Conviction Relief ("PCR") in the Court of Common Pleas of Barnwell County. The remittur from the PCR appeal was filed on August 9, 2001. Petitioner waited nearly seven

months before filing a § 2254 petition for writ of habeas corpus in this court on March 4, 2002. *Mitchell v. State*, C/A No. 4:02-813-CMC-TER. He voluntarily dismissed that habeas case on August 5, 2002.

Petitioner next filed a second application for PCR on June 11, 2003. The second PCR was dismissed *with prejudice* as untimely and successive by order dated November 2, 2004. The South Carolina Supreme Court denied the appeal from the second PCR on October 4, 2006. Petitioner then returned to this court, filing his second § 2254 federal habeas corpus petition on November 15, 2006. *Mitchell v. McMaster*, Civil Action No. 4:06-3218-CMC.

In his second petition, Petitioner raised two points for consideration by the court: 1) whether his trial counsel was ineffective for failing to perfect a direct appeal, and 2) whether the trial court had subject-matter jurisdiction to accept his guilty plea. In response to the State's affirmative defense of untimeliness, Petitioner asserted that the § 2244 statute of limitations period was tolled during the time he pursued the initial § 2254 petition that he voluntarily dismissed. This court rejected that argument and dismissed Petitioner's second § 2254 petition as untimely. Petitioner did not file objections to the report and recommendation and did not appeal the final summary judgment in Civil Action No. 4:06-3218-CMC. Petitioner made at least one more unsuccessful full attempt at the South Carolina state PCR process. That run ended in July 2012, with the South Carolina Supreme Court's dismissal of his petition for writ of certiorari that sought review of the Barnwell County Court of Common Pleas' dismissal of his third PCR application for untimeliness and successiveness.

The Petition in this case was submitted to Petitioner's prison mailroom on February 20, 2013. (ECF No. 1). Initial review of the contents of the current Petition discloses that Petitioner asserts that his "due process" rights were violated by the state courts and by this court because he has been prevented from having his "ineffective counsel for failure to file direct appeal" ground considered on the merits by any court. *Id.*,

Pet. 5. There is nothing in the Petition or elsewhere on the docket showing that Petitioner requested and received authorization from the Fourth Circuit Court of Appeals before filing this third federal habeas corpus case.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007. When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply

these rules to a habeas corpus petition not filed pursuant to § 2254).  Following the required initial review, the Petition submitted in this case should be summarily dismissed.

## DISCUSSION

If a petition is frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without the necessity of requiring a responsive pleading from the government.  *See Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970).  Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction entered in federal and state courts.  Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted).  On April 24, 1996, the President of the United States signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which, in part, amended Chapter 153.  The AEDPA effected a number of substantial changes regarding the availability of federal post-conviction relief to individuals convicted of crimes in federal and state courts.  Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief.  *See Felker v. Turpin*, 518 U.S. 651, 657 (1996).  Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) or a second or successive § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals. *See In re Vial*, 115 F.3d at 1194.  The "gatekeeping" mechanism created by the AEDPA added section 2244(3)(A) to provide:

Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider

the application.[1]

The Petition filed in this case is a successive petition because it is the third one that Petitioner has filed in this court and it raises subject-matter jurisdiction and ineffective assistance claims against the validity of his 1997 conviction which could and should have been brought in the first habeas case. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). Petitioner's procedural history in this court, as previously stated, shows that Petitioner has already filed two petitions for writ of habeas corpus based on his 1997 Barnwell County murder conviction and life sentence. The first petition was voluntarily dismissed on Petitioner's own motion and his second petition was dismissed as untimely. In Civil Action No. 4:06-3218-CMC, the court considered the timing of the second Petition and determined that Petitioner used up a large portion of his one-year limitation period for filing a federal habeas corpus action by pursuing, but then voluntarily dismissing, his initial § 2254. All of Petitioner's state and federal legal filings up to that point were considered and this court aggregated the un-tolled time that was used up prior to the filing of the second petition.

Legally, this court's dismissal of the second § 2254 petition as untimely was a consideration of that petition "on the merits," and, so, the Petition filed in this case should be deemed Petitioner's third one and successive. *See, e.g., Jordan v. Sec., Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007); *Murray v. Grenier*, 394 F.3d 78, 81 (2d Cir. 2005); *Simmons v. Cummins*, No. 2:10-CV-28-ID, 2010 WL 582091 (M.D. Ala. Jan. 15, 2010)(collecting cases). As stated above, however, no authorization was sought from the Fourth Circuit before this successive Petition was filed. Because Petitioner did not obtain authorization

---

[1] The issue of successiveness of a habeas petition may be raised by the court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997); *Latimer v. Warden*, NO. 6:10-721-JFA-WMC, 2010 WL 2720912 (D.S.C. July 08, 2010).

from the Fourth Circuit Court of Appeals to file this Petition in the district court, this court does not have jurisdiction to consider it, and it is subject to summary dismissal. *See Romandine v. United States*, 206 F.3d 731, 734 (7th Cir. 2000); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *see also Moody v. Maynard*, 105 F. App'x 458, 464-65 (4th Cir. 2004).

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*. Petitioner's attention is directed to the important notice on the next page.

    s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 8, 2013
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).